IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| KEVIN DOUGLAS DONAHOE, | No. 3:20-cv-5388 |
| Plaintiff, | |
| vs. | ORDER |
| FERRIS BEVERLY DONAHOE, et al., | |
| Defendants. | |

On February 7, 2020, Plaintiff Kevin Donahoe, proceeding pro se but not *in forma pauperis*, filed a complaint in Thurston County Superior Court against his mother, sister, and brother-in-law. (*See* Doc. 2-2 at 6–19.) Following numerous amendments, the operative Fifth Amended Complaint, (Doc. 1-2), was filed March 9, 2020. It names 43 defendants including, *inter alia*, members of his family, Ivanka Trump, Michelle Obama, an adult film actress, all the public defenders in the State of Washington, United States District Judge Ronald Leighton, Thurston County, the Supreme Court of the State of Washington, and a number of other individuals and entities. (*See id.*) Not all defendants have been served and, of those served, not all have appeared. (*See generally* Docs. 2-5, 2-11, 2-12, 2-13.) On April 23, 2020, Judge Leighton removed the action to the Western District of Washington pursuant to 28 U.S.C. § 1442(a)(3). (Doc. 1.) Since removal, five

1

motions to dismiss have been filed. (*See* Docs. 5, 6, 8, 10, 11.) Pursuant to Rules 8(a), 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure, Donahoe's complaint against all defendants is dismissed with prejudice.

I.   **Legal Standard**

Rule 8 requires that a civil complaint "contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Whether a complaint meets this standard is assessed in the context of Rule 12(b)(6).[1] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If a court finds that the plaintiff did not allege sufficient facts "to raise a right to

---

[1] While some of the defendants have answered, a Rule 12(c) motion is assessed under the same standard. *See Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). And, while not all defendants have appeared or filed motions to dismiss, federal court may dismiss a claim sua sponte under Rule 12(b)(6) when it is clear that the plaintiff cannot state a claim upon which relief may be granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief.") (internal citation omitted).

relief above the speculative level" and support a cognizable legal theory, it may dismiss the complaint as a matter of law. *Twombly*, 550 U.S. at 555. At this stage, a court must take all well-pled allegations of material fact as true and construe them in the light most favorable to the plaintiff. *Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*, 922 F.3d 946, 951 (9th Cir. 2019).

Pro se complaints are to be construed liberally, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), and, ordinarily, a court should permit pro se litigants an opportunity to amend their complaint in order to state a plausible claim, *see United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("[D]ismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment.") (internal quotation marks omitted). But, "[c]ourts are not required to grant leave to amend if a complaint lacks merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (although PLRA case, addressing leave to amend generally under circuit caselaw). Additionally, a paid complaint that is "obviously frivolous" does not confer federal subject matter jurisdiction and may be dismissed sua sponte even before service of process. *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) ("A paid complaint that is obviously frivolous does not confer subject matter jurisdiction[.]"); *see also* Fed. R. Civ. P. 12(h)(3); *but see Neitzke v. Williams*, 490

3

U.S. 319, 329–30 (1989) (distinguishing frivolity under the PLRA from failing to state a claim under Rule 12(b)(6)).

## II. Discussion

As with prior complaints filed by Donahoe, the details of the allegedly injurious conduct are sparse to non-existent. *See Donahoe v. Kautter*, 2018 WL 3769439 (W.D. Wash. Aug. 9, 2018). His Complaint "can only be described as a frivolous stream-of-consciousness which fails to articulate any plausible claim with substance in law or fact against any of the named [d]efendants." *Id.* at *2. It contains numerous images and screen-shots of internet sites, some obscene. The language is scattered and Donahoe does not generally connect specific defendants to specific conduct. As far as his intent can be discerned, the Complaint addresses corrupt government; a bad car deal; charges arising out his treatment of his mother; his desire for self-representation; his belief that he was illegally committed; an attack on sex education, homosexuality, the public school system, and abortion; and his eviction from his mother's home. (*See generally* Doc. 1-2.) The only cause of action specifically identified is for malicious prosecution. (*See id.* at 13, 23.) But Donahoe does not explain how the named defendants are responsible for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Rather, the Complaint is styled as a "holistic" attack on "(1) Law enforcement and investigation work[;] (2) The Judicial System[;] Healthcare (Physical, Mental, Spiritual)[; and] Corrections (Jails

and Prisons)." (Doc. 1-2 at 12.) Such a pleading does not meet the requirements of Rule 8(a).

Further, there is no likelihood that amendment will rectify the deficiencies identified by the Court. Because amendment would be futile and Donahoe cannot state a claim upon which relief may be granted, the Court has the authority to dismiss the Complaint in its entirety. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).

### III. Conclusion

IT IS ORDERED that this case is DISMISSED WITH PREJUDICE. Excepting a Notice of Appeal, no further filings will be accepted in this case from Donahoe. The Court makes no finding whether he should be deemed a vexatious litigant under the All Writs Act, 28 U.S.C. § 1651(a). (*See* Docs. 11, 16.)

IT IS FURTHER ORDERED that because they were not addressed in his motion to dismiss, Defendant Karl Hack's counterclaims for sanctions and fees, (*see* Doc. 2-5 at 5; 2-13 at 39–41, 83), are DISMISSED.

IT IS FURTHER ORDERED that the Clerk of Court is directed to enter a judgment of dismissal and close the case file.

DATED this 19th day of May, 2020.

12:04 P.M.

Donald W. Molloy, District Judge
United States District Court

5